HANKINS, APPELLANT, v. WAITT, RESPONDENT.

No. 8746.

Submitted December 15, 1947. Decided February 13, 1948.

189 Pac. (2d) 666.

Messrs. Towner & Lewis, of Fort Benton, and Mr. George E. Hurd, of Great Falls, for appellant. Mr. Hurd and Mr. V. E. Lewis argued the cause orally.

Messrs. Swanberg & Swanberg, of Great Falls, for respondent. Mr. Randall Swanberg argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff sought a decree compelling defendant to convey certain described real estate to him. The complaint alleges that plaintiff prior to October 23, 1942, negotiated with Arthur Johnson for the purchase of the property in question together with certain farm machinery for $3,500; that defendant had agreed to lend him $3,000 with which to make the purchase and that she should hold the title as security for the loan; that in reliance upon this agreement the deed from Johnson was made to defendant but only as and for security, the plaintiff agreeing to pay defendant an amount of money equal to a one-third share of the crops produced on the land as interest until the amount was repaid to defendant; that immediately after the deed was made plaintiff paid defendant $500 and on November 19, 1942, tendered the balance of $3,000 and demanded a deed from defendant which she refuses to give.

The complaint alleges that defendant is holding the property in trust for plaintiff and that upon the payment by him to defendant of the sum of $3,000 together with interest defendant should be required to convey the property to him.

The answer admits that Arthur Johnson formerly owned the property in question. It alleges that plaintiff requested a loan from defendant which she refused but that defendant agreed that she would purchase the land and allow plaintiff to farm it as her tenant; this the answer alleges was done. The answer denies that defendant agreed to convey the property to plaintiff and generally denies the other allegations of the complaint.

The answer contains two separate and affirmative defenses.

The first is that plaintiff is relying upon an oral agreement contrary to sections 10611 and 10613, Revised Codes of Montana 1935. The second is that the plaintiff and defendant entered into a written lease covering the property in question and in consequence plaintiff is estopped from questioning defendant's title.

The answer also contains a cross-complaint in which defendant seeks an accounting from plaintiff for the crops raised on the premises during the years 1943 and 1944, and for damages by way of attorney's fees paid.

The reply put in issue the affirmative allegations of the answer except that it admitted the making of the written lease but averred that the sole purpose thereof was to secure defendant in the payment of one-third of the crops. It alleges that plaintiff has offered to defendant the value of one-third of the crops produced for the years 1943, 1944, and 1945, on condition that she convey the property to plaintiff, but this she refuses to do.

The reply admits that there has been no accounting for the crops raised in 1943 and 1944.

The court found that defendant purchased the property in question from Arthur Johnson with her own money and upon her own account, and that the deed to her conveys a fee simple title unencumbered by any lien or trust in favor of plaintiff; that while plaintiff had requested a loan from defendant such loan was never made; that after defendant purchased the land she leased it to plaintiff for a three-year period; that plaintiff took possession under the lease and remained in possession lawfully until November 1, 1945, and since that time has been holding unlawfully; that defendant did not at the time of securing the deed and making the lease, promise to convey the land to plaintiff and never agreed to lend money to plaintiff with which to purchase the land; that defendant is entitled to one-third of the crops for the years 1943, 1944, and 1945, and is entitled to an accounting for the crops, and is entitled to the immediate possession of the land. From the decree entered for defendant; plaintiff has appealed.

The principal question presented by the appeal is whether the evidence supports the findings and decree of the court.

In treating of this question we keep in mind the rule that, "Where there is substantial evidence to support the findings, even though the evidence be conflicting, we will not interfere with the judgment and findings of the trial court. While we have the right to determine whether the findings are supported by a preponderance of the evidence (Gibbs v. Gardner, 107 Mont. 76, 80 Pac. (2d) 370; Dalbey v. Equitable Life Assurance Society of the United States, 105 Mont. 587, 74 Pac. (2d) 432; H. Earl Clack Co. v. Oltesvig, 104 Mont. 255, 68 Pac. (2d) 586; Missoula Light & Water Co. v. Hughes, 106 Mont. 355, 77 Pac. (2d) 1041), yet we cannot say that the evidence decidedly preponderates against the findings when there is substantial evidence supporting them. Hence, our province is but to ascertain whether there is any substantial evidence to support the findings and conclusions of the trial court." Sanders v. Lucas, 111 Mont. 599, 111 Pac. (2d) 1041, 1042. And see In re McDonald, 112 Mont. 129, 113 Pac. (2d) 790, and Wieri v. Anaconda Copper Mining Co., 116 Mont. 524, 156 Pac. (2d) 838. This follows too from the statutory rule that "The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason." Sec. 10505, Rev. Codes. And the trier of the facts is ordinarily the one who must determine whether a witness is entitled to full credit, there being nothing inherently improbable or unreasonable in his or her testimony.

With these rules in mind we have no hesitancy in affirming the action of the trial court. We find substantial evidence in the record supporting the allegations of defendant's answer and the findings of the court. Defendant testified positively that she refused to lend money to plaintiff with which to buy the Johnson property. She testified that when she so refused plaintiff said to her, "Then you buy it. You buy it and I will lease it from you." This is exactly what took place according to the written documents, the deed and the lease.

According to defendant's evidence plaintiff told her the place would cost $3,000 but that there was $500 worth of equipment that he was buying. She said she promised plaintiff to go to Fort Benton next day and buy it. This she did. She made the check for $3,500 because plaintiff said he didn't have the $500 for the equipment but that he would pay her very soon, which he did that same day. When he paid her the $500 he said, "There is the money for the equipment." She testified positively that she never promised to deed the property to plaintiff.

Mrs. Dorothy Hankins, a sister of defendant corroborated her with respect to the fact that defendant refused to lend money on plaintiff's request and that then plaintiff proposed that defendant buy the land and lease it to him.

There was nothing unreasonable or improbable concerning this testimony. True it was contradicted by plaintiff and other witnesses. The responsibility of resolving the issue on conflicting evidence rested upon the trial court.

Plaintiff argues however that it was impossible for defendant to buy the land from Johnson when, as admitted by her, she had no dealings with him and when she testified that plaintiff was not her agent in negotiating the deal.

Were the issue as to whether defendant had made a contract to buy raised in an action for the purchase price by Johnson against the defendant, there might be some merit to plaintiff's contention and perhaps on such evidence she could not have been compelled to pay the purchase price. But here the price has been paid. The sale was completed. The deal was fully executed. The only issue is whether plaintiff or defendant became the purchaser.

If defendant's version as to what took place between her and plaintiff be accepted as true, then she became the purchaser even though she had no previous negotiations whatever with Johnson and even though plaintiff was not her agent in making what negotiations he did with Johnson.

Likewise, plaintiff argues that the contract was indivisible and that since it is conceded that he put $500 into the property

he has at least a one-seventh interest therein. As to Johnson it may be that the contract was indivisible. But as between defendant and plaintiff there is evidence sustaining an implied finding and the conclusion that plaintiff was buying the equipment for $500 and that this was agreeable to defendant and that she was getting the land for the $3,000 advanced by her.

Plaintiff contends that the court erred in not incorporating certain of his proposed findings in its findings. The record shows that the court allowed the proposed findings of which complaint is made but did not incorporate them in its findings or make any reference to them in the findings or judgment. The findings complained of do not aid in the final disposition of the case. In general they are to the effect that Johnson owned the property on and prior to October 23, 1942; that he had farmed it for about 15 years and that plaintiff had an oral option to purchase the land if Johnson decided to sell; that in October 1942 Johnson was about to be inducted into the military service and informed plaintiff that he would sell the land and equipment for $3,500 in cash; that plaintiff informed Johnson that he would have to obtain a loan of $3,000 in order to swing the deal; that plaintiff and defendant had had business dealings and confidential relations had grown between them. The proposed findings also were to the effect that a proper tender of the sum of $3,000 was made to defendant and a proper form of deed was submitted to her conveying the same property to plaintiff with the request that she execute it.

It does not appear that plaintiff was in any way prejudiced by the action of the court in not referring to these findings in its findings and decree. These findings would not have necessitated a different result in the case.

Since as we have noted there is substantial evidence in the record sustaining the finding that defendant became the purchaser of the property and never promised to convey it to plaintiff, it is not necessary to consider whether an oral agreement or promise to convey would suffice under sections 10611 and 10613, nor is it necessary to consider the affirmative defense

concerning the effect of the lease on plaintiff's right to question defendant's title, points discussed at length in defendant's brief.

Finding as we do that there is substantial evidence supporting the court's findings and conclusions, the judgment is af-firmed.

Associate Justices Choate, Gibson, and Metcalf, concur.

Mr. Chief Justice Adair, (specially concurring).

On October 22, 1942, by warranty deed that day made, executed and delivered to her, the defendant Anna Waitt acquired the fee simple title to the land here involved.

On October 23, 1942, being the following day, the defendant Anna Waitt as first party entered into a written farm lease with plaintiff, E. J. Hankins, as second party for the farming of the land for the three ensuing years.

The lease, in part, provides:

"Farming Lease

"This farm lease made the 23rd day of October, 1942, between Anna Waitt of Great Falls, Montana *owner of real estate hereinafter described,* party of the first part, and E. J. Hankins, of Highwood, Montana party of the second part:

"Witnesseth, That the said party of the first part, for and in consideration of the *rents,* covenants and agreements hereinafter mentioned, * * * by these presents does grant, demise and to farm let, unto the said party of the second part for and during the crop seasons of 1943, 1944, 1945 and ending Nov. 1, 1945, except as hereinafter provided, the following described land in Chouteau County, Montana, to-wit: * * *

"It is further understood and agreed that *the title to and* possession of *all crop produced on said farm* under this lease *shall be and remain in said party of the first part* until satisfactory division and settlement has been made with first party. * * *

"It is further understood and agreed by and between the aforesaid parties that *the said party of the first part reserves the right to sell the above described land at any time,* but in case of sale, delivery of the said land to purchaser cannot be

made until after any crop growing thereon may be harvested, or the second party repaid current prices for any work done toward growing a crop where same has not been planted." (Emphasis supplied.)

Pursuant to the terms of the foregoing written lease the plaintiff E. J. Hankins entered into possession of the described land and commenced to farm same.

While continuing in such possession under and by virtue of such written lease and five months prior to its expiration, to wit, on May 31, 1945, the plaintiff Hankins commenced this action against his landlord, Anna Waitt.

It will be noted that the written lease subscribed by both plaintiff and defendant recites that the agreement is "between Anna Waitt of Great Falls, *owner of real estate hereinafter described,* party of the first part, and E. J. Hankins, of Highwood, Montana party of the second part" and "that the *said party of the first part reserves the right to sell the above described land* at any time."

It is the law of this state that:

"The following presumptions, and no others, are deemed *conclusive*: * * *

"2. *The truth of the facts recited, from the recital in a written instrument between the parties thereto* * * * but this rule does not apply to the recital of a consideration. * * *

"4. A tenant is not permitted to deny the title of his landlord at the time of the commencement of the relation." Sec. 10605, Rev. Codes. (Emphasis supplied.)

"As a general rule a tenant may not, while continuing in possession, set up against his landlord a title hostile to the title which he acknowledged in accepting the demise." 51 C. J. S., Landlord and Tenant, sec. 276, subdivision d.

Thus is the plaintiff absolutely precluded from denying the validity of the title under which he entered and agreed to hold (4 Thompson on Real Property, Perm. Ed., p. 264, note 1, citing Alderson v. Marshall, 7 Mont. 288, 16 Pac. 576) and it is *conclusively presumed* that the defendant Anna Waitt is

the owner of the described real estate as is recited in the written lease between the parties thereto, subdiv. 2 of sec. 10605, Rev. Codes, and this conclusive presumption the tenant Hankins ''is not permitted to deny.'' Subdiv. 4 of sec. 10605, Rev. Codes.

While I am unable to agree to all that is said in the majority opinion yet there is ample evidence to sustain the decree and I concur in its affirmance.