THOMAS T. MARONEY and SYLVIA B. MARONEY, Plaintiffs and Appellants, v. CHARLES DYLL, Defendant and Respondent.

No. 10051.
Submitted March 29, 1960. Decided April 26, 1960.
351 P.2d 373.

Paul W. Smith, J. Miller Smith and Chadwick H. Smith, Helena, J. Miller Smith argued orally for appellants.

Leo J. Kottas, Helena, for respondent.

THE HONORABLE C. B. ELWELL, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, delivered the Opinion of the Court.

This is an appeal by the plaintiffs from an order of the district court of the first judicial district of the State of Montana denying to the plaintiffs their claim to a public road over the premises of the defendant, Charles Dyll.

In the beginning, and during the trial of the case, it was difficult to determine on which of the three theories the plaintiffs were relying, or if in fact they were not relying on all three theories. The three theories would be a right of way by

188

necessity, a private way or easement by prescription, and third, a public way by prescription.

By the time the case had reached the Supreme Court it was quite evident that the plaintiffs, if they succeeded at all, would have to succeed upon the theory of a public way by prescription, and for the most part the case was argued upon that theory. The property involved were certain lots in what is known as the Lincoln Villa Sites. The plaintiffs and the defendant owned adjoining lots, and a portion of the defendant's lot abutted on the main public road. There was a street which was laid out on the plat of the Villa Sites which led from the main road alongside of the land owned by the plaintiffs. Apparently the plaintiffs' complaint was that this street had been laid out on the plat but had never been really improved, and in bad weather was almost unusable.

There was a great deal of testimony offered relative to the use of a certain way by the public over the land of the defendant. The evidence offered was not particularly well connected; in one or two instances where there was a more or less continuous use of the road for lumbering, it was never of sufficient length to constitute a way by prescription. There was also considerable evidence on the part of the defendant as to the lack of general use on this particular way by the general public for any period of time which would establish a road by prescription.

There was evidence to the effect that beginning about the year 1949 this so-called road was fenced by the defendant. At one time the plaintiffs secured permission to use this way, providing they would place a gate across the road leading into the defendant's property and keep that gate locked. This was never done by the plaintiffs, and their only excuse was that the fence was not properly kept up and it was useless to place a gate if the fence was down. At a much later date there was an agreement that the plaintiffs would be allowed to cross the defendant's land for a period of thirty days until the county could improve the platted street that ran by the plaintiffs' property. This was

extended to sixty days almost immediately for the reason that it would be impossible to get this work done by the county in thirty days.

■ The whole thing boils down to the fact that the questions involved are questions of fact. The case was tried by the court without a jury, which means that the court itself was the judge of the facts. It has been the rule of the Supreme Court for years that the court would not disturb the findings of the lower court where there is a conflict in the evidence and there is substantial evidence to support the findings.

In In re Adams' Estate, 97 Mont. 70, 74, 32 P.2d 854, 856, the court said:

"The decision of a trial court will not be reversed unless it is shown that the evidence strongly preponderates against its findings, and where there is a sharp conflict in the evidence and it furnishes reasonable ground for differing conclusions, the findings will not be disturbed. Kirby v. Hoeh, 94 Mont. 218, 21 P.2d 732; Fender v. Foust, 82 Mont. 73, 265 P. 15; Baker v. Citizens' State Bank, 81 Mont. 543, 264 P. 675."

Of like import is the case of Hankins v. Waitt, 120 Mont. 596, 189 P.2d 666.

Not only is there substantial evidence to support the court's findings, but the evidence adduced by the plaintiffs was far from compelling or convincing.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICES ADAIR AND CASTLES, and THE HONORABLE NAT ALLEN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.