VIRGINIA L. KERNS, Plaintiff and Respondent, v. F. W. WOOLWORTH COMPANY, a Corporation and DONALD BRIGGS, Defendants and Appellants.

No. 10122.

Submitted September 21, 1960. Decided October 20, 1960.

356 P. 2d 127.

Ralph J. Anderson, Stanley P. Sorenson, Helena, for appellants. Ralph J. Anderson argued orally.

Rankin & Acher, Helena, for respondent. Arthur P. Acher argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered in favor of the plaintiff in the district court of the first judicial district. The action arose out of a fall by the plaintiff in the store of the defendants, which resulted in personal injuries to the plaintiff. Pursuant to stipulation of counsel the case was tried by the district court without a jury, and the court found generally for the plaintiff.

The defendant, F. W. Woolworth Co., was the operator of a retail mercantile establishment in Helena, Montana, and the defendant Briggs was the assistant manager thereof at the time of the accident. The plaintiff was a customer in the store of the defendant, F. W. Woolworth Co., on July 8, 1957. During business hours and at the time of her visit to the store she fell on a tiled portion of the floor and suffered personal injuries.

The complaint alleged that the defendant was negligent in that the floor was slippery; the floor was sloping; and there was a failure to warn the plaintiff of these dangerous conditions. The defendants, by their answer, denied these acts of negligence and affirmatively alleged that they were free of negligence.

The defendants' three specifications of error resolve themselves into the sole question of whether the evidence justified the district court's conclusion that the defendants were negligent in this case. In a determination of this question it will be necessary to consider the evidence which was before the district court concerning negligence.

Mrs. McFarland and Mrs. Acher were also customers in defendant's store at the time of the accident. Mrs. McFarland, in her deposition, stated that the floor was slanting at the place

of the accident and that "it was slippery because it was highly polished." Mrs. Acher testified at the trial that there was a slight slant on the floor and that it was slippery. She testified that she had to take short steps on the floor since she "was afraid I was going to fall."

The plaintiff testified that the floor was slippery and that her feet just went out from under her. She also testified that there were no signs indicating that the floor was slippery or had a slanting surface. Mr. Lange, brother of the plaintiff, testified that the day after the accident he examined the floor in the F. W. Woolworth Co. and that the floor, at the place of the fall, "was very slippery and highly polished."

Mr. Decker, a building contractor with forty years experience, testified that he was familiar with tile floors and the construction of buildings containing tile floors. He testified that the day before the trial he determined the slope of the floor in question and that it had a slope of 7/16 of an inch per foot from west to east and a slope of 5/16 of an inch per foot from south to north. Mr. Decker also testified that in such a place it "is the usual procedure to put abrasive or non-skid tile or rubber mats, perforated mat, to prevent slipping." He also testified that the slant of this floor was of such a degree that it was unsafe without a skid-proof substance in the tile or a rubber mat and that it would be "quite hazardous to leave a sloping floor of that nature with a polished surface."

Mr. Finstad, who installed the tile floor in the defendant's store, testified that the floor in the area of the fall is all asphalt tile and that asphalt tile is the most slippery tile that he has installed. He also testified that wherever there is a slope with asphalt tile the condition can be dangerous and it would be safer to install rubber tile or rubber mats. He also testified that he advised the installation of rubber tile or rubber mats, for safety purposes, at the time he was laying the asphalt tile.

Mr. Noel, the janitor in the defendant's store, testified that he went on vacation June 29, 1957, and that shortly before

leaving on this vacation he had cleaned the entire floor of the store and then applied a substance known as "Sole Grip". He further testified that after this substance is applied to a floor the floor is not slippery. The defendant, Mr. Briggs, testified that during the absence of the janitor, Mr. Noel, and during the time of the accident, he swept the floors of the store and that he only applied a yarn broom dressing to keep the dust down while sweeping. Mr. Stone, the division manager of the Masury-Young Co. (makers of the "Sole Grip" compound) testified that this "Sole Grip" has a fine sand that imbeds in the floor and gives traction and that after application of this substance the floor is not slippery.

Mr. Baarson, an engineer, testified that he had made a survey of the slope of the floor at the premises of the defendant, F. W. Woolworth Co., and found that the slope was 6/32 of an inch per foot from west to east and that from south to north there were two portions of sloping floor, one portion sloping at the rate of 6/32 of an inch per foot and the other portion sloping at the rate of 9/32 of an inch per foot. So it is evident that Mr. Baarson's testimony indicates a smaller slope than that indicated by Mr. Decker.

Mr. Berg, an architect, testified as to the amount of slope allowed by the Building Code of the City of Helena and by the Board of Fire Underwriters and it appeared that the slopes which were indicated by both Mr. Decker and Mr. Baarson were well within the limits permitted by the City of Helena and the Board of Fire Underwriters.

The recent case of Maroney v. Dyll, 137 Mont. 187, 351 P.2d 373, reaffirms the rule that the Supreme Court will not disturb the findings of the district court, on a question of fact, where the district court is sitting without a jury, and there is *substantial evidence* to support the findings of the district court. Therefore, if we find that there is substantial evidence to support a finding of negligence by the district court, in the instant case, we should not reverse its decision.

It is well-settled that a storekeeper owes a duty to his customer to exercise reasonable care in keeping the premises in a reasonably safe condition and failure to exercise such care constitutes negligence. Montague v. Hanson, 38 Mont. 376, 99 P. 1063; Mellon v. Kelly, 99 Mont. 10, 41 P.2d 49; Rossberg v. Montgomery Ward & Co., 110 Mont. 154, 99 P.2d 979. Also, see Robinson v. F. W. Woolworth Co., 80 Mont. 431, 261 P. 253; Ahlquist v. Mulvaney Realty Co., 116 Mont. 6, 152 P.2d 137.

In the instant case there was testimony from six witnesses indicating that the defendants did not exercise reasonable care in keeping the premises in a reasonably safe condition—four witnesses testifying that the floor was slippery at the time of the accident or shortly thereafter, and two witnesses, a building contractor and a tile installer, testifying that this slanting floor of asphalt tile was dangerous.

We conclude that the testimony that the floor was slanting, dangerous and slippery was substantial evidence from which the district court could find negligence on the part of the defendants.

For the above-stated reason, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY, ANGSTMAN and ADAIR concur.