CAROL PUSHARD, Plaintiff and Respondent, *v.* J. C. PEN-
NEY COMPANY, Inc., a Corporation, Defendant and Ap-
pellant.

No. 11380.
Decided March 28, 1968.
438 P.2d 928.

Alf C. Kremer and Rex F. Henningsen, Butte, Rex F. Henningsen (argued), Butte, for appellant.

Roe, Kiely & Joyce, Butte, Thomas F. Joyce (argued), Butte, for respondent.

MR. JUSTICE JOHN C. HARRISON, delivered the Opinion of the Court.

This is an appeal from a verdict and judgment for the plaintiff in the amount of $7,908.85 entered in the district court at Butte, the Honorable James Freebourn, district judge, presiding with a jury.

The action arises out of injuries sustained by the plaintiff, Mrs. Carol Pushard, when she fell inside of the store of the defendant, J. C. Penney Co., Inc., at about 10:45 A.M., February 17, 1966.

The plaintiff testified that on the day of the accident she entered defendant's store by the main entrance on Park Street in Butte; she proceeded down the main aisle on the first floor; took the elevator to the second floor of the building and remained there for about fifteen minutes. While the plaintiff was in the store she was carrying her eight and one-half month old baby. The child weighed about nineteen pounds at the time of the accident, and as she fell she landed on top of the child. She further testified that in trying to get up she got some waxy substance on her hand and on the knee of her pants. When respondent was cross-examined she contradicted her statement on the reason why she fell, or at least raised some doubt as to why she fell. However, on re-direct examination plaintiff again testified that the reason she fell was that she slipped on the floor.

Defendant's janitor and maintenance man was called to testify for the plaintiff as an adverse witness. He said that the floor of the aisle where the accident occurred was treated with a liquid floor coating called "Brulin-coat" the day before Mrs. Pushard fell. This product was applied by pouring it on the floor and spreading it out with a lamb's wool applicator. The janitor testified that in some places he got more "Brulin-coat" on the floor than in other places, and that he sometimes used an electric buffer on the floor after the application of the floor coating, but that he did not use it after the application on the day before the accident because he did not have time.

Upon substantially these facts, the question of liability went to the jury. The defendant at the close of plaintiff's case made a motion for a directed verdict in favor of defendant which was denied. The defendant then chose not to present any evidence and rested its case. The jury was then instructed and both sides waived argument. The jury retired and later brought back the plaintiff's verdict and defendant appealed. The sole issue presented by the defendant for review is whether there was sufficient evidence to submit the case to the jury.

In reviewing the trial court's denial of the appellant's motion for a directed verdict this court views the evidence in the light most favorable to the respondent (plaintiff) as of the time that the motion was made for the directed verdict. McIntosh v. Linder-Kind Lumber Co., 144 Mont. 1, 393 P.2d 782; Johnson v. Chicago M. & St. P. Ry. Co., 71 Mont. 390, 230 P. 52. Here, the *only* evidence before the court and jury was that offered by the respondent (plaintiff). In view of these facts the trial court made its decision—that of refusing to grant appellant's motion.

Defendant claims that its motion for a directed verdict should have been granted because:

(1) There is no substantial evidence that the floor was

excessively slippery, hazardous or dangerous to walk upon, i.e., no proof of a dangerous condition, and;

(2) There was no showing that even if the floor of the store was slippery that this condition caused the plaintiff to fall because (a) there is no substantial evidence that the plaintiff slipped on the floor, and (b) the plaintiff testified on cross-examination that she did not slip.

A storekeeper owes a duty to his customer to exercise reasonable care in keeping the premises in a reasonably safe condition, and failure to exercise such care constitutes negligence. Whether the premises were in a reasonably safe condition is a question of fact and this court will not overturn the jury's decision on this question if there is substantial evidence to support it. See Kerns v. F. W. Woolworth Co., 138 Mont. 249, 356 P.2d 127, and cases cited therein.

The testimony concerning the condition of the floor was that it had recently been treated by defendant's agent with a liquid preservative that was not applied with complete uniformity. It was brought out that the floor was not buffed after this application. The plaintiff testified that in the immediate area of her fall there was a wet sticky substance on the floor. This evidence tends to show that there was a wet slippery substance on the floor where the plaintiff fell which was placed there by the defendant and this created a dangerous condition. The defendant offered nothing to prove that this was not the case. The verdict shows that the jury thought this evidence was sufficient to establish the defendant's negligence. We do not consider it so insubstantial that we must overturn it.

Concerning the question of whether the defendant's negligence was the proximate cause of the accident, plaintiff testified that her foot slipped on the floor and she fell in the place where the defendant treated the floor. The plaintiff's testimony was the only evidence of the actual fall itself and taken

in the light most favorable to plaintiff, which the jury did, it supports the finding of the defendant's liability.

In its brief, defendant makes much of plaintiff's testimony on cross-examination that she did not slip, and asserts that in view of the testimony by the plaintiff, there is no substantial evidence that slipping on the floor caused her fall. This court decided, in Klemens & Son v. Reber Plbg. & Htg., 139 Mont. 115, 360 P.2d 1005, that when a party to an action testifies in a contradictory manner, that the trier of fact is entitled to decide which portions of the testimony should be given weight and which should be disregarded. Since the jury in this case decided that the testimony of the plaintiff on direct and re-direct examination that she did slip should be given weight, this court must accept that decision.

We hold that the evidence presented in this case was substantial as a matter of law to submit the cause to the jury and their verdict and the judgment entered pursuant thereto are affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, ADAIR and CASTLES, concur.