INGVALL REGEDAHL, Plaintiff and Respondent, v. SAFE-
WAY STORES, INC., Defendant and Appellant.

No. 11151.
Submitted February 8, 1967.   Decided March 20, 1967.
425 P.2d 335.

Arnold Huppert, Jr., Livingston, Lyman H. Bennett, Jr. (argued), Bozeman, for appellant.

Drysdale & Sabo, Douglas R. Drysdale (argued), Bozeman, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment and verdict of $22,060.00 awarded for personal injuries arising out of a slip and fall in defendant's grocery store. The case was tried February 9, 1966, before the Honorable Jack D. Shanstrom, Judge of the Sixth Judicial District. Error is specified in the instructions given and refused and for failure to grant defendant's motions for directed verdict, and for judgment.

Respondent, Ingvall Regedahl, arrived at appellant's grocery store at about 8:00 A. M., September 29, 1961, in the course of his ordinary duties of delivering milk. He followed the practice normal for himself and other delivery men of using the delivery door at the back of the grocery store building. The Store's delivery door opened onto a ramp on the inside which was about nine feet long, five feet wide and descended down into the store at a slope of fifteen to eighteen degrees. The walk-in cooler which was to be stocked with milk had a door located approximately twelve feet beyond the lower end of the ramp. Respondent walked directly into the cooler via the back door and the ramp to determine the amount of milk required

to be stocked. He returned to his delivery truck by the same route taking with him a hand cart belonging to the store. Respondent slipped at the top of the ramp as he attempted to re-enter the store and fell with his load of milk landing on top of him and was injured.

The weather at the time was bright and clear and there was a skiff of new dry snow which had fallen the previous night. The ramp in question was periodically coated with an abrasive substance to increase traction but there was conflicting evidence as to the amount of abrasive remaining at the time of the accident.

Testimony given at the trial placed the store manager, James S. Ricci, at the foot of the ramp in front of the cooler door checking deliveries at the time of the injury. Other testimony showed that Edward M. Connelley, Jr., another dairy delivery-man, had slipped on the ramp just prior to the time the respondent slipped and fell and had informed Mr. Ricci that the ramp was slippery.

The complaint alleged that the ramp was in a dangerous condition in that it was poorly lit, excessively steep, worn slick, smooth and covered with a slippery substance. It was further alleged that the defendant gave the plaintiff no warning of the dangerous condition.

Most of appellant's assignments of error in the instructions given and refused can be consolidated into the single legal question of the duty of the defendant-appellant, Safeway Stores, Inc., (hereinafter called Safeway). The remaining assignments of error deal with instructions which were refused because their substance was contained in other instructions given or because they were so clearly improper that they raise no questions of law which merit discussion herein.

The instruction given at the trial relating to the duty owed by Safeway was Montana Jury Instruction Guide (MJIG) instruction 120.4 pertaining to invitees. The relevant portion of

MJIG 120.4 which was given as Court's Instruction 24, reads as follows:

"The owner (or occupant) of a place of business who has extended an invitation, express or implied, owes to all invitees who come upon the premises the legal duty to exercise ordinary care under the circumstances to keep the premises in a condition reasonably safe for use by the invitee in every reasonable pursuit of any purpose included within the invitation.

"If there is danger attending the invitee's use of the premises and such danger arises from conditions not readily apparent to the senses of the ordinary person, and if the owner (or occupant) has actual knowledge of such conditions, or if such conditions would have been known to an owner (or occupant) in the exercise of ordinary care under the circumstances, the law then imposes upon the owner (or occupant) the duty to give the invitee reasonable warning of such danger.

"But the responsibility of the owner (or occupant) of the premises is not absolute; it is not that of an insurer. The owner (or occupant) is not charged with knowledge of defects which reasonable inspection would not disclose; and the owner (or occupant) is entitled to assume that the invitee will see and observe that which would be obvious through reasonable expected use of an ordinary person's senses. There is no duty to give the invitee notice of an obvious danger."

Safeway contends that this instruction is contrary to the decisions of this court because it would allow recovery even though the dangerous condition is open and obvious and even though there has been no showing that the defendant's knowledge of the condition is superior to that of the claimant. We cannot agree with this interpretation of the instruction.

The above-quoted instruction contains two well established duties owed by occupiers of land to their invitees. First, he must use ordinary care to keep his premises reasonably safe. Second, he must warn invitees of hidden dangers if he knows or should know of their existence. Clark v. Worrall, 146 Mont.

374, 406 P.2d 822; Kerns v. F. W. Woolworth Co., 138 Mont. 249, 356 P.2d 127; Ahlquist v. Mulvaney Realty Co., 116 Mont. 6, 152 P.2d 137; Robinson v. F. W. Woolworth Co., 80 Mont. 431, 261 P. 253; Montague v. Hanson, 38 Mont. 376, 383, 99 P. 1063. The difficulty in applying this law seems to arise when attempting to determine what relationship exists between these two duties. It is clear that both duties are discharged if the owner or occupier gives notice of the danger which is reasonable under the circumstances. Cassaday v. City of Billings, 135 Mont. 390, 340 P.2d 509; Taylor v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co., 142 Mont. 365, 384 P.2d 759; Zimmer v. California Co. (1959 U.S.D.C. 9th Cir) 174 F.Supp. 757. But if no warning is given, it follows that the jury might find liability either for failure to use ordinary care to keep the premises reasonably safe or for failure to warn of hidden danger or both. It may become necessary to consider the duty to warn separately from the duty to keep the premises reasonably safe inasmuch as the duty to warn of hidden dangers might be imposed even as to premises which are considered reasonably safe. There is no duty owed to an invitee with respect to dangerous conditions if, under the circumstances, it would be reasonable to expect that an ordinary person would observe the danger. Clark v. Worrall, supra, 146 Mont. at 380, 406 P.2d at 822.

Safeway made no claim that it had warned the respondent. Therefore, the jury was in position to consider the existence of liability on either the ground of *breach of the duty to keep the premises reasonably safe or breach of the duty to warn.* It would appear that there was sufficient credible evidence to warrant the jury in finding liability on either or both grounds. Evidence concerning the design and condition of the ramp was sufficient to imply that ordinary care was not exercised to keep the premises reasonably safe. Other evidence would have supported the finding that the ramp became slippery after the respondent last used the ramp and that Safeway's manager had

knowledge of this fact but did not exercise an existing opportunity to warn the respondent.

We observed in McIntosh v. Linder-Kind Lumber Co., 144 Mont. 1, 393 P.2d 782, that the basis of the liability placed on owners or occupiers of land with respect to invitees is their superior knowledge of the condition of the premises. While this is indeed the underlying reason or policy for the liability it is not intended to be the fully articulated rule or final test. At least as it is applied to the facts of this case, the above-quoted instruction correctly states the rules for fixing the liability of owners or occupiers of land to their invitees.

Safeway also contends that the court erred in giving an instruction which allowed loss of earnings as an element of damages on the ground that there is no evidence of loss of earnings in the record. The following quotation from the transcript will dispose of this contention. (Direct examination of the respondent.)

"Q. Did you stop working that day? A. Yes, I did.

"Q. For how long did you stop? A. Seven weeks.

"Q. How much were you making at this time? A. Around sixty-eight dollars and some cents.

"Q. Did you work at all during the next seven weeks following September 29, 1961? A. No."

Finding no error in the instructions it follows that the motions for directed verdict and judgment notwithstanding the verdict were properly refused.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, JOHN C. HARRISON and CASTLES concur.