NO. 81-93

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

MARY CERECK,

Plaintiff and Appellant,

vs.

ALBERTSON'S INC., a corporation,
and Holiday Village Shopping Center,
a Montana corporation,

Defendant and Respondent.

_____

Appeal from:  District Court of the Eighth Judicial District,
              In and for the County of Cascade
              Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Hoyt and Trieweiler, Great Falls, Montana
        John Hoyt argued, Great Falls, Montana

    For Respondent:

        Church, Harris, Johnson & Williams, Great Falls,
        Montana
        Mike Anderson argued and Cresap S. McCracken argued,
        Great Falls, Montana

_____

                    Submitted:  September 22, 1981

                    Decided:    NOV 2 5 1981

Filed:  NOV 2 5 1981


_Thomas J. Kearney_
                        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In a damage action by a customer who slipped, fell and was injured on business premises, the District Court of Cascade County granted summary judgment to defendants. Plaintiff appeals. We reverse.

On February 25, 1979, a warm February day, Mrs. Cereck and her husband travelled by automobile to the Holiday Village Shopping Center in Great Falls, Montana, to do some shopping at the Albertson's grocery store.

It had snowed in Great Falls prior to February 25 and the snow in the parking lot located north of the Albertson's store had been plowed off the lot and pushed up along the north edge of the store, forming a snow bank several feet high. A passageway had been shoveled through the snowbank to enable pedestrians to walk from the parking lot through the snowbank to the eastern entrance of the Albertson's store.

Mrs. Cereck's husband parked the car immediately west of the shoveled passageway. Mrs. Cereck got out of the car, walked around behind it and approached the passageway. She observed a water-puddle in the passageway and believing she could not step over it, she started over the snowbank to the right side of it. While attempting to so make her way forward, she lost her footing, slipped, fell, and injured her left leg and hip. She was hospitalized for the injuries she sustained in the fall and was unable to work for several months.

Holiday Village Shopping Center was responsible for maintaining the parking lot area. The shopping center's manager was aware that a snowbank existed along the north side of the Albertson's store as a result of the snow plowing activities which had been conducted in the parking lot area. A janitorial service had been hired by the shopping center to keep the shopping center entrances, including the entrance to the Albertson's store, free of ice and snow buildup. This job

included cutting passageways through the snowbanks to allow customers access to the store entrances. It also included the removal of water and the spreading of ice melt at the store entrances when necessary. The Albertson's store personnel had also helped maintain the walkways leading to the entrances of the Albertson's store.

The issue on appeal is whether the District Court erred in granting the defendants' motion for summary judgment.

The purpose of the summary judgment procedure is to encourage judicial economy by eliminating unnecessary trials, and it is proper under Rule 56(c), M.R.Civ.P., only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Reaves v. Reinbold (1980), ____ Mont.____ , 615 P.2d 896, 37 St.Rep. 1500.

It is well established that a party moving for summary judgment has the burden of showing a complete absence of any genuine issue as to all facts deemed material in light of the substantive principles that entitle that party to a judgment as a matter of law. Reaves, supra; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613; Bahm v. Dormanen (1975), 168 Mont. 408, 543 P.2d 379. All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing the summary judgment. Reaves, supra; Mally v. Asanovich (1967), 149 Mont. 99, 423 P.2d 294.

When a duty is imposed upon the defendant and the plaintiff's allegations, if proven, would support a finding of a breach of the duty, summary judgment is improper. Rennick v. Hoover (1980), ____Mont.____ , 606 P.2d 1079, 37 St.Rep. 308.

In Montana the duty imposed upon a property owner depends

- 3 -

upon the status of the injured party on the premises. In this case Mrs. Cereck was a business invitee. Montana cases have held that the property owner's duty toward an invitee is to use ordinary care to keep the premises reasonably safe and to warn the invitee of any hidden or lurking dangers; the duty is satisfied if the condition is obvious or actually known. Rennick, supra; Luebeck v. Safeway Stores, Inc. (1968), 152 Mont. 88, 446 P.2d 921. Regedahl v. Safeway Stores, Inc. (1967), 149 Mont. 229, 425 P.2d 335.

Several Montana cases have involved injuries to invitees caused by icy conditions, and this Court has held that there is no liability imposed upon the landowner where the danger created by the elements such as the forming of ice and the falling of snow is universally known or actually known. Rennick, supra; Dunham v. Southside National Bank (1976), 169 Mont. 466, 548 P.2d 1383; Luebeck, supra.

The following statement from Crawford v. Soennichsen (1963), 175 Neb. 87, 120 N.W.2d 578, was cited with approval by this Court in Luebeck, supra:

> "'[T]he general rule seems clearly to be that a store owner cannot be charged with negligence by reason of natural accumulation of ice and snow where the condition is as well known to the plaintiff as the defendant.'"

In Luebeck, this Court specifically rejected the rationale that natural conditions such as obvious snow and ice create such an unreasonably dangerous condition as to require the landowner to take certain precautions.

The icy conditions discussed in the cases cited above were natural conditions caused by the elements. The case before us differs in that the natural accumulation of ice and snow had been altered. The plaintiff contends that the hazard created by the natural accumulation of ice and snow was increased when the snow was piled near the store entrance.

In Willis v. St. Peter's Hospital (1971), 157 Mont. 417,

486 P.2d 593, a patrolman brought an action for injuries sustained when he allegedly slipped on an accumulation of ice and snow near a hospital's emergency entrance. This Court held that the granting of summary judgment was improper in that case and stated that one question for the jury to decide was whether the slippery condition of the snow and ice was the result of a natural accumulation or the result of the defendant's carelessness.

A property owner may be held liable for falls on accumulations of ice and snow where the hazard created by the natural accumulation is increased or a new hazard is created by an affirmative act of the property owner; even where such a condition is actually known or obvious, a property owner may be held liable if he should have anticipated that injuries would result from the dangerous condition. Rennick, supra; Restatement (Second) of Torts, § 343A (1) (1965).

Mrs. Cereck claims that defendants' affirmative acts increased the hazard caused by the natural accumulation of snow and ice and that the defendants should have anticipated the injuries that resulted.

The party opposing summary judgment is entitled to the benefit of all reasonable inferences that may be drawn from the offered proof. In this case it may reasonably be inferred that the piling of snow in front of the store entrance increased the hazard created by the natural accumulation of snow and ice and that the defendants should have anticipated the injuries that Mrs. Cereck received as a result of the dangerous condition.

Since the claim made by Mrs. Cereck would support a finding of breach of defendants' duty toward her, the granting of summary judgment was improper.

Reversed and remanded for trial.

_____ _Frank I. Haswell_ _____
Chief Justice

We concur:

_____ _Gene B. Daly_ _____

_____

_____ _John C. Sheehy_ _____

_____
Justices

- 6 -

Mr. Justice Frank B. Morrison, Jr., concurs:

I concur in the result, but not in all that is said therein.

Specifically this Court has begun to depart from "status" in determining the degree of care owed by a property owner. See Corrigan v. Janney (1981), Mont., 626 P.2d 838, 38 St.Rep. 545. The plaintiff, Mrs. Cereck, need not enjoy the status of invitee in order to recover. A general duty of due care is owed.

The majority opinion confines property owner liability for natural accumulations of ice and snow to those situations where the property owner has increased or changed the hazard through some affirmative act. I would adopt Section 343 A. (1) Restatement (Second) of Torts (1965) which provides as follows:

> "A possessor of land is not liable to his
> invitees for physical harm caused to them
> by any activity or condition on the land
> whose danger is known or obvious to them,
> unless the possessor should anticipate the
> harm despite such knowledge or obviousness."

Admittedly, the restatement rule is applicable to invitees. However, though I would not recognize status in "land possessor's liability," I feel the rule to be applicable to facts such as those at bar.

In my opinion, the restrictive _ratio_ _decidendi_ of this case is inadequate to meet situations such as failure to plow. If the parking lot in question had not been maintained in any fashion, and snow were allowed to accumulate so that customers were required to wade through knee deep snow, no duty would be owed by the possessor under the rule adopted by the majority. Those who do nothing incur no liability. Those who plow their parking lots are exposed.

I believe such a restrictive duty does not adequately recognize the responsibilities owed by the business community, does not adequately protect a public dependent upon the services provided by that community, and does not promote sound public policy.

For the foregoing reasons, I concur in the result but would adopt different legal principles to sustain the same outcome.

Justice