NO. 83-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

ROSALINE VOGEL.,

        Plaintiff and Appellant,

   vs.

GIBSON'S DISCOUNT CENTERS; et al.,

        Defendants and Respondents.

Appeal from: District Court of the Thirteenth Judicial District,
        In and for the County of Yellowstone
        Honorable Diane G. Barz, Judge presiding.

Counsel of Record:

        For Appellant:

        Lewis E. Brueggemann, Billings, Montana

        For Respondents:

        Herndon, Harper and Munro, Billings, Montana

        McNamer, Thompson & Cashmore, Billings, Montana

Submitted on briefs: January 12, 1984

Decided: May 10, 1984

Filed: MAY 10 1984

_____
                         Clerk

Mr. Justice John Conway Harrison delivered the opinion of the Court.

This action stems from an incident which occurred on the premises of respondent Gibson's Discount Centers' store in Billings, Montana, where appellant Vogel was accused of shoplifting. Appellant brought an action against the above named respondents for false arrest, which was dismissed by the District Court on respondents' motions for summary judgment. This appeal follows.

The facts of this case are very much in dispute. However for purposes of ruling on the motions for summary judgment, the trial court accepted appellant's version of the facts as true and they are set forth below.

On May 28, 1983, appellant, her aunt and appellant's ten month old child traveled from Hardin, Montana to Billings, Montana. When they arrived in Billings, they went directly to the Gibson's store. The two women entered the store, leaving the child sleeping in appellant's car. The aunt obtained a shopping cart, but appellant carried only her diaper bag, which doubled as a purse. Inside the store the two split up, appellant going to the shoe department and her aunt to the lawn department. Appellant tried on several pairs of sandals before selecting a pair she wanted. As she left the shoe department she placed the sandals in her bag with the heels exposed. The sandals were bound together with a plastic tie on which was the price tag. Both the heels and the price tag were outside the bag. At this point a security officer, an employee of Gibson's, began her surveillance of appellant.

Appellant rejoined her aunt, showed her the sandals,

and returned them to their former position in the bag. The pair proceeded to the check out counter where the aunt began unloading her shopping cart. Appellant inquired of the clerk where she might purchase a battery, and was told to try the electronics department. She walked to the electronics counter and made her request to the clerk. While appellant was waiting for the clerk to find the battery, the security officer approached her and informed her that she had watched appellant put the sandals in her bag. The security officer asked that she be allowed to look in appellant's bag, but appellant declined. She was then escorted to an office in the rear of the store. En route appellant was advised that she was being accused of shoplifting and read her Miranda rights.

In the rear of the store, appellant's bag was emptied. The contents included the sandals and a comb which was allegedly unpaid for also. The police were summoned and they arrived a short time later. Appellant was placed under arrest on suspicion of theft and transported to the police station. She was later convicted after a jury trial in Billings Municipal Court.

Appellant brought this action for false arrest in the District Court, alleging that there was no probable cause for her arrest. After a period of discovery the respondents all moved for summary judgment, arguing that as a matter of law there was probable cause for her arrest. The District Court acquiesced in this argument and granted the motion for summary judgment, dismissing the claim. This appeal is from the order dismissing the cause of action.

The District Court ruled that since the sandals were

not in full view, the security officer and the police officers had probable cause to arrest appellant as a matter of law. This conclusion was based on Section 46-6-501(1)(a), MCA, which provides that removing merchandise from full view while on the premises of a merchant is prima facie evidence of "concealment." "Concealment" is defined in that section to mean, "[A]ny act or deception done purposely or knowingly upon or outside the premises of a wholesale or retail store or other mercantile establishment with the intent to deprive the merchant of all or part of the value of the merchandise." (Emphasis supplied.) Thus concealment, as defined there, includes both an act or deception and the intent to deprive, which are the basic elements of the crime of theft. See Section 45-6-301(1)(b). Since the sandals were in less than full view, the court concluded that there was prima facie evidence of both the act and requisite intent, and probable cause to believe appellant had committed theft existed as a matter of law.

While it may be true that there was prima facie evidence of "concealment" as defined in Section 46-6-501, MCA, that term has limited meaning. The definition of "concealment" in that section is prefaced by the phrase, "As used in this part. . ." As used in that part of the code, "concealment" authorizes a merchant to search a suspected shoplifter, it does not by operation of law give him probable cause to arrest the suspected shoplifter. Section 46-6-503(2), MCA. In fact Section 46-6-502(3) which is in that same part of the code authorizes arrest by a merchant only upon probable cause to believe that shoplifting has

-4-

occurred. It does not allow an arrest after the simple act of concealment. Probable cause may exist as a result of a stop pursuant to Section 46-6-503, or it may exist prior to such a stop, but it must exist. It may not be inferred solely from the act of concealment.

In the present case that is exactly what the trial court did in ruling that probable cause existed as a matter of law because of the concealment. However, there remain issues of material fact which should be resolved at trial, and do not make this case ripe for summary judgment. Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 637 P.2d 509. Where the heels of the shoes and the price tag were exposed, and the woman was still in the store and had not gone through the check out counter, there remains an issue of fact on the existence of probable cause to believe appellant had the requisite intent to deprive. Therefore summary judgment was in error.

We note that the parties have brought to our attention on appeal the fact that appellant was convicted of theft after a jury trial in Billings Municipal Court. Respondents claim this conclusively established probable cause pursuant to our ruling in Duran v. Buttrey Foods, Inc. (Mont. 1980), 616 P.2d 327, 37 St.Rep. 1545. Since this argument was first raised on appeal we decline to consider it. See Hanley v. Department of Revenue (Mont. 1983), 673 P.2d 1257, 40 St.Rep. 2054. However this does not preclude respondents from presenting this argument to the District Court on remand. If the court finds Duran controlling, the case should be dismissed.

Reversed and remanded for further proceedings in

-5-

conformance with this opinion.

_____ John Conway Harrison _____
Justice

We concur:

_____

_____
L.C. Gulbrandson

_____
Justices

Mr. Justice John C. Sheehy:

I concur in the result.

_____ John C. Sheehy _____
Justice