MR. JUSTICE MORRISON,
specially concurring:
I concur in affirming the summary judgment entered in favor of defendant. I further agree with adoption of the principle set forth in section 343 A (1) Restatement (Second) of Torts (1965). I advocated in a specially concurring opinion filed in Cereck v. Albertson’s, Inc., 38 St.Rep. 1986, 637 P.2d 509, that this rule be adopted. Certainly the rationale of Cereck is that a duty may be owed though the condition is open and obvious if the land owner has reason to believe that despite the open and obvious nature of the condition, that injuries will nevertheless result. The language in the majority opinion which I find objectionable follows the restatement quotation and is as follows:
“The owner is entitled to assume that the invitee will see and observe that which would be obvious through reasonably expected use of an ordinary person’s senses.”
This formerly was the law in Montana. The law was changed in Cereck where summary judgment for defendant was reversed though the condition was open and obvious. There is a duty to warn if the land owner anticipates that *214 injuries will nevertheless result.
In this case plaintiff has failed to come forth with evidence creating a duty on the part of the land possessor to warn because there is no evidence showing that the land possessor, respondent here, should have anticipated plaintiff’s injuries. There is a total failure of proof to show that the condition of the premises was defective or unreasonably dangerous. For these reasons, I vote to affirm the summary judgment for defendant.