No. 86-120

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

RONALD L. NORDWICK,

        Plaintiff and Respondent,

   -vs-

GEORGE W. BERG,
        Defendant and Appellant,

STATE CREEK MINING GROUP, RONALD
TOOMER, DONALD MARSHALL, partners;
R & R PROSPECTORS, INC., a Montana
corporation,
        Defendants and Third Party
        Plaintiffs,
   -vs-

SURETY TITLE COMPANY,

        Third Party Defendant.

---

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Alley & Burdett; Kelly J. Varnes, Billings, Montana
        Dick A. Weber, Jr., Hamilton, Montana
        Keller, Reynolds, Drake, Sternhagen & Johnson; Glen
        Drake, Helena, Montana

    For Respondent:

        Paul B. Smith, Boulder, Montana

---

Submitted on Briefs: July 24, 1986

Decided: October 2, 1986

Filed: OCT 2 - 1986

_Ethel M. Harrison_
---
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Fifth Judicial District, in and for the County of Jefferson, Montana, granting partial summary judgment. We affirm.

The case involves a dispute over the ownership of potential mining claims known as the State Creek mining claims located near Boulder, Montana. Plaintiff Nordwick and defendant Berg entered into a written agreement June 3, 1980, to purchase some unimproved property in Jefferson County. The agreement provided that Nordwick was to enter into an earnest money and buy/sell agreement with the owner of the property and negotiate a price not to exceed $46,500. Berg was to pay $1,500 earnest money and the balance of the purchase price.

The agreement provided that Berg would have title to the surface and exclusive right to all the timber on the property. Each party was to own one-half of all of the mineral rights. Nordwick had the "right to mine, explore, or otherwise develop mineral deposits on the property," and an option to repurchase from Berg one-half of the surface rights on payment to Berg of one-half of the price paid for the property.

Nordwick was successful in securing a buy/sell with one Phil Marthens for a negotiated purchase price of $43,000. Berg paid Marthens the earnest money and Berg's name was placed on a contract for deed. A warranty deed from Marthens to Berg was recorded August 7, 1984. Berg has since refused to convey to Nordwick a one-half interest in the mineral rights.

In May, 1983, Berg entered into a contract with R & R Prospectors "to mine, test and develop property" for 120 days, paying Berg 5 percent of the net mill or smelter returns of the ore concentrates. R & R moved equipment onto the property and began to work the claims. Nordwick indicated to R & R that he owned a 50 percent interest in the claims. Berg, however, assured R & R Nordwick had no interest in the property and promised to resolve the matter. In November R & R ordered a title search which did not indicate any interest or claim by Nordwick.

In March, 1984, Berg entered into an earnest money agreement and receipt with State Creek Mining Group, Ronald Toomer and Donald Marshall, partners, wherein Berg agreed to convey the subject properties to State Creek. Berg again was requested, to no avail, to clarify Nordwick's interest in the property. Nordwick filed a complaint in September, 1984, alleging Berg had wrongfully refused to recognize his interest in the property and that both State Creek and R & R should have known of his interest, but nevertheless they entered into a contract with Berg and refused to give Nordwick an accounting or any of the proceeds.

Subsequently State Creek Mining, Ronald Toomer, Donald Marshall, and R & R Prospectors cross-claimed against Berg alleging fraudulent misrepresentation for failure to disclose any right or claim which might be asserted by Nordwick. Berg then filed a cross-claim against the other defendants alleging breach of contract. R & R filed a complaint against Surety Title Company of Helena for negligence in failing to discover the document on which Nordwick bases his claim. The action against Surety has been severed and is not germane for purposes of this opinion.

Nordwick moved the District Court for partial summary judgment as to the fact he owns one-half interest in the mineral rights on the property in question. The motion was argued orally and granted. Berg's subsequent motion to amend the summary judgment, which requires Berg to warrant title to one-half of the mineral rights rather than execute a quitclaim deed, was denied. Berg appeals the partial summary judgment.

The only issue on appeal is whether the District Court erred in granting plaintiff Nordwick's motion for partial summary judgment.

If there is no genuine issue of material fact, the prevailing party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Cerack v. Albertsons, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510. This Court will uphold a summary judgment issued by a District Court unless we find it to be clearly erroneous. The District Court determined there was no genuine issue of material fact on the question of ownership of the property.

Resolution of the question before us turns on whether the agreement between Berg and Nordwick was a valid partnership agreement granting Nordwick a one-half interest in the minerals on the property. We find it was.

Berg argues failure of consideration and failure to provide promised consideration results in an invalid contract. A basic principle of contract law, that there must be consideration to have a valid contract, is codified at § 28-2-102(4), MCA. The written agreement of June 3 between Berg and Nordwick creates a presumption of consideration. Section 28-2-804, MCA. Consideration is defined as "[a]ny benefit conferred or agreed to be conferred upon the promisor

4

by any other person, to which the promisor is not lawfully entitled, . . . " Section 28-2-801, MCA. The burden of showing a want of consideration sufficient to support the June 3 agreement falls on Berg. Section 28-2-805, MCA. He fails to meet this burden.

Berg asserts the agreement did not "recite" any consideration. The terms of the agreement speak for themselves, however. The agreement provides in pertinent part:

> It is agreed George W. Berg shall pay earnest money in the amount of $1,500, and Ron L. Nordwick will enter into an earnest money and buy-sell agreement with the owner of the property.

Pursuant to the terms of the agreement, Nordwick agreed to and did negotiate a buy/sell agreement with the seller, Marthens, at a bargained for price. He thereby secured a legal right to buy the property pursuant to the buy/sell agreement between himself and Marthens. Berg agreed to and did pay the earnest money to Marthens. Nordwick then relinquished any rights to the surface to Berg. Each party fulfilled his obligation under the unambiguous terms of the contract. Clearly the agreement "recites" consideration. There is no evidence in the record indicating this was not a fully bargained for exchange between the parties constituting good consideration pursuant to § 28-2-801, MCA.

If an agreement containes a bargained for exchange in legal position between the parties, the agreement becomes a legally enforceable contract. State ex rel. Stafford v. Fox-Great Falls Theater Corp. (1943), 114 Mont. 52, 67, 132 P.2d 689, 697.

> [Nor] is it essential that the consideration should impose a certain gain or loss to either party. It is

> sufficient that a party in whose favor
> the contract is made foregoes some
> advantage or benefit, or parts with a
> right he might otherwise exert.

Schnierle v. Schnierle (Ohio 1940), 33 N.E.2d 674, 675.

Berg's defense that the failure of consideration relates to consideration different than that set forth in the June 3 agreement is totally without merit. This is a misapplication of the defense. Failure of consideration relates to failure of the consideration recited in the written terms of the contract, and not to failure of alleged oral consideration subsequent to and different from the written. Berg is attempting to introduce evidence of terms different than those recited in the contract. This he cannot do.

> The principle is well established and of
> general application, subject to certain
> exceptions, that when a contract has been
> reduced to writing the contents of such
> writing cannot be added to, contradicted,
> altered, or varied by parole or extrinsic
> evidence, and that such writing
> supercedes all oral negotiations
> concerning its matter which preceded,
> accompanied, or led up to its execution.
> This was the rule of common law, and has
> been embodied in the statute law of this
> state. (Emphasis in original.)

West River Equipment Co. v. Holzworth Const. Co. (1959), 134 Mont. 582, 588, 335 P.2d 298, 302; Perez-Lizano v. Ayers (Mont. 1985), 695 P.2d 467, 470, 42 St.Rep. 208, 212-213. The exceptions to this rule are found in § 28-2-905, MCA, which provides in pertinent part:

> (1) Whenever the terms of an agreement
> have been reduced to writing by the
> parties, it is to be considered as
> containing all those terms. Therefore,
> there can be between the parties and
> their representatives or successors in
> interest no evidence of the terms of the
> agreement other than the contents of the
> writing except in the following cases:

6

(a) when a mistake or imperfection of the writing is put in issue by the pleadings;

(b) when the validity of the agreement is the fact in dispute.

(2) This section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as described in 1-4-102, or other evidence to explain an extrinsic ambiguity or to establish illegality or fraud . . .

Berg did not plead any of the exceptions as required by Rule 8(c), M.R.Civ.P. Although he admitted that pursuant to the written terms of the agreement Nordwick had no duty to mine, explore, or otherwise develop the mineral deposits on the property, he also claimed the writing was modified later changing Nordwick's obligation. "Any matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 36(b), M.R.Civ.P.

Even if Berg were allowed to introduce parole evidence that the written consideration was modified orally after June 3, the evidence would have no effect by virtue of § 28-2-1602, MCA: "A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise." Berg did not offer as an affirmative defense and did not allege facts that an oral agreement was in fact executed, altering the June 3 agreement.

The evidence being clear there was a bargained for agreement and valuable consideration, the agreement between Nordwick and Berg is valid. When a contract exists, the duty of the court is to enforce it. Gray v. City of Billings (Mont. 1984), 689 P.2d 268, 271, 41 St.Rep. 1910, 1913; Maxted v. Barrett (1982), 198 Mont. 81, 87, 643 P.2d 1161,

7

1164. Consequently, because there is no genuine issue of fact as to the ownership of the property, the District Court properly granted summary judgment on the issue of ownership.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices