No. 86-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

FIRST NATIONAL BANK IN EUREKA, a
National Banking corp.,

        Plaintiff and Respondent,

-vs-

MARY GILES,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Keller & German; Ann German, Libby, Montana

    For Respondent:

        David Harman, Libby, Montana

_____

Submitted on Briefs: Nov. 13, 1986

Decided: March 4, 1987

Filed: MAR 4 - 1987

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Mary Giles appeals a decision by the District Court of the Nineteenth Judicial District, Lincoln County, granting plaintiff-respondent First National Bank in Eureka's motion for summary judgment.

The issue on appeal is whether the District Court properly granted the bank's motion for summary judgment.

In February, 1985, plaintiff First National Bank in Eureka (hereafter bank) filed a complaint against Mary Giles for "forgery and misrepresentation." The alleged forgery involved four Veterans' Administration disability checks made payable to Mary's then-husband James Giles. The checks were mailed to the Giles' home in Libby in September, October, November, and December, 1982. James Giles was incarcerated in Montana State Prison during this period. On receipt of each of the checks, Mary took them to the Eureka bank to cash. In each instance, the bank personnel made no objection when she endorsed the checks by signing both her husband's name and her own. Her name appears below her husband's on the endorsed checks.

Mary Giles claims she had authority from James to cash the checks to support herself and their children. James claims he was unaware that he had been awarded VA benefits. Yet, while in prison, James wrote the VA notifying them that Mary was improperly receiving his benefits, and asserted that she was using them without his authorization. The record is not clear as to who made the initial application for the benefits.

On notification from James, the VA contacted the Treasury Department, and it, in turn, requested reimbursement from the bank. The bank voluntarily reimbursed the Treasury Department for the face value of the checks plus accrued interest. The bank then filed the present action against Mary Giles alleging that she had no authority to cash the checks or use James' name as endorser. Based on these facts, the bank moved for summary judgment. The District Court granted the bank's motion and the bank satisfied the judgment in a sheriff's sale. The bank moved to dismiss this appeal on the grounds of mootness, however, we denied that motion and this appeal continued. First National Bank of Eureka v. Giles (Mont. 1986), ___ P.2d ___, 43 St.Rep. 1326.

It is important to note that on being sued by the bank, Mary Giles counterclaimed for breach of the fiduciary relationship. She also filed a third-party complaint against James for damages incurred as a result of his claim that she cashed his checks without authorization.

The issue in this case is whether summary judgment was properly granted. Rule 56(c), M.R.Civ.P., provides that summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Mayer Brothers v. Daniel Richard Jewelers, Inc. (Mont. 1986), ___ P.2d ___, 43 St.Rep. 1821. The party moving for summary judgment has the burden of showing a complete absence of genuine issue as to all facts deemed material in light of the substantive principles that entitle that party to a judgment as a matter of law. Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509 (and cases cited therein). All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing the

summary judgment. Cereck, supra; Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 37 St.Rep. 1500.

The problem we confront is whether genuine issues of material fact exist. In turn, determining the materiality of any issue of fact depends on the applicable statutes, which are, in this case, Montana's Uniform Commercial Code's chapter on commercial paper, §§ 30-3-101, MCA, et seq. and § 30-4-207, MCA.

Section 30-4-207, MCA, contains the warranties of a customer and collecting bank on transfer or presentment of items. Appellant bank contends that Mary was a "customer" and as such under the law, she warranted that she had good title to the check and was therefore liable for damages for breach of that warranty. This argument fails, however, because the record indicates Mary was not a "customer" of the bank. Customer means any person having an account with a bank or for whom a bank has agreed to collect items. Section 30-4-104(1)(e), MCA. Section 30-4-207, states: "Each customer . . . warrant to the payor bank . . . [that] (a) he has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has good title . . ." The motion granting summary judgment indicates that Mary had no account with the bank, stating "Mary Giles was not a depositor with the Plaintiff Bank and the bank was unable to charge back the checks against her account." As the other provisions of the definitional sections of § 30-4-104(1)(e) do not apply, its clear that Mary is not liable under § 30-4-207. In other words, because she was not a customer, she made no warranties to the bank when it cashed the checks. If Mary did in fact cash the checks without authorization (an issue of fact as yet unresolved) then at most she entered a debtor-creditor relationship with the bank. The provisions of § 30-4-207, are inapplicable.

Appellant bank next contends that the language of the UCC on commercial paper speaks to Mary's liability as an unauthorized signer. Section 30-3-404, MCA, provides that "any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value." The bank ties in Mary's status as (they contend) an unauthorized signer (and an imposter under § 30-3-405, MCA) with § 30-3-414, MCA, which requires an endorser to pay instruments on dishonor.

We reject the leap of logic made by both the bank and the trial court. There is no evidence in the record indicating in one way or another that Mary acted without authority. The question of whether she was an authorized or unauthorized endorser must be established before any conclusions can be drawn regarding her liability on the four checks.

The District Court judge's legal analysis of the present issue states:

> 10 AmJur 2d, page 573, contains the statement that recovery may be had from those who do not have title to an instrument. And in the same volume at page 602, is a general discussion of the right of the bank to recover money paid to an endorser of checks.
>
> This summary judgment does not deal with rights and liabilities existing between Mary Giles and James Giles.

The District Court assumed, without any evidence in the record, that Mary did not have authority and at the same time stated that it has not dealt with the rights and liabilities

- 5 -

between Mary and James. These are wholly inconsistent statements.

The determinative factor in this litigation is whether Mary acted with authority. This factor is the foundational element for any claim the bank has, for if Mary had authority to cash the checks, then the bank's claim is against the VA or James, not Mary.

Clearly there are unresolved material factual issues before this Court and summary judgment was improper. Therefore, the summary judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

_John C. Shanley_
Justice

We Concur:

_John Conway Harrison_

_Frank I. Haswell_

_W. C. Gulbrandson_

_William E. Hunt_
Justices