MR. JUSTICE HUNT,
dissenting:
I dissent from the majority’s conclusion that summary judgment should be granted in this case. Summary judgment is only appropriate when, viewed in the light most favorable to the nonmoving party, there are no material questions of fact in issue. Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510-511. In *492 the present case, the clause in the escrow agreement that directed the First National Bank & Trust Company to return the documents it held in escrow could only be triggered by the existence of an actual default. The evidence before the Court, however, does not clearly indicate whether a default did in fact occur. Thus, a material question of fact is in dispute, and summary judgment is improper.
I also disagree with the majority’s assertion that the bank had no duty to ascertain whether the demand for delivery of the documents was justified. Granted, the escrow agreement specified that the bank was to deliver the documents “upon demand” by the seller. However, the evidence shows that First National had previously gone beyond the directions of the escrow agreement for the benefit of the sellers. In all fairness, and in keeping with the purpose of escrow agreements in general, the bank should not now be allowed to claim that the limits of the contract prevented it from making any inquiry to determine whether default in fact existed or notice had been received before handing over instruments it held in trust for Turbiville.
Individuals with differing interests enter into an escrow arrangement to ensure that their rights are safeguarded by a disinterested third party, the escrow agent. Blackburn v. McCoy (1934), 1 Cal.App.2d 648, 654, 37 P.2d 153, 155. The escrow agent becomes an agent for each of the principles to the escrow agreement. First Fidelity Bank v. Matthews (1984), [214 Mont. 323,] 692 P.2d 1255, 1258, 41 St.Rep. 2502, 2505. As such, the escrow agent owes fiduciary duties to each of its principles. Dulan v. Montana National Bank (1983), 203 Mont. 177, 182, 661 P.2d 28, 30. These duties require the agent to walk a fine line between the conflicting interests of the parties to a contract for deed placed in its possession. For this reason, it is of the utmost importance that the escrow agent remain impartial to both sides by strictly following the instructions of the escrow contract.
First National Bank & Trust breached its duty of impartiality when it failed to strictly follow the directions of the escrow agreement. The agreement instructed the bank to receive payments from Turbiville and to distribute those payments in a certain fashion. The contract made no mention of the need to take any action to collect payments. Even so, First National took it upon itself to call Turbiville whenever a payment was late. In so doing, the bank exceeded its role as defined by the escrow agreement and became, in *493 effect, a collection agent for the Hansens, rather than a mere depository.
Since the bank went beyond the confines of the escrow agreement on behalf of the sellers, it should not be able to shield itself behind the wording of the contract to justify its failure to verify the existence of a default before surrendering the documents in its possession. The affidavit presented to the bank stated only that notice of default had been mailed to Turbiville; there was no indication that notice had been sent by certified mail as required by the contract for deed. Furthermore, the notice itself only vaguely referred to the particulars of the default. The least the bank should have done under the circumstances was call Turbiville to see that she had received the notice and to clarify the terms of the default.
Sharon Turbiville paid approximately $165,000 toward the purchase of the State Line Club. The bank, as escrow agent, held the deed to the club in trust for her. It breached its trusteeship by failing to maintain an impartial stance between Turbiville, as the buyer, and the Hansens, as the sellers of the State Line Club.
For these reasons, I would reverse the District Court’s order for summary judgment.