No. 89-169

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

DAVID COOMBS,

         Plaintiff and Appellant,

   -vs-

GAMER SHOE COMPANY,
A Montana corporation,

         Defendant and Respondent.


_____


APPEAL FROM:  District Court of the First Judicial District,
             In and for the County of Lewis & Clark,
             The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ronald F. Waterman; Gough, Shanahan, Johnson and
        Waterman, Helena, Montana

    For Respondent:

        Gary M. Zadick and Mark F. Higgins; Ugrin, Alexander,
        Zadick & Slovak, Great Falls, Montana


_____

                Submitted on Briefs:  Aug. 3, 1989

                    Decided:  August 25, 1989

Filed:

_____
              Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This case originated as a wrongful discharge action in the First Judicial District Court, Lewis and Clark County. Appellant asserted that his termination breached the implied covenant of good faith and fair dealing. The District Court granted respondent Gamer Shoe Company's (Gamers) motion for summary judgment and appellant Coombs appeals that decision. We affirm.

Coombs presents essentially one issue for review. Did the District Court err in holding that no genuine issue of material fact existed regarding respondent's claim that Coombs lost his job as part of a legitimate reduction in work force.

David Coombs began working for Gamers in 1977 at the Carlson's store in Great Falls. Gamers had previously purchased Carlson's. Within a month Coombs was promoted to store manager. He worked as the manager of Carlson's until the fall of 1983 when he was promoted to the position of buyer of children's and men's shoes. Another Gamers employee, Roger Howell, transferred to Carlson's from a recently closed Gamers store to fill the position of store manager. As Coombs' buying position was not full time, he continued to work as a floor salesperson when not engaged in his buying duties. Coombs held this position until he left Gamers.

In August of 1986, Loren Miles, Coombs' supervisor, informed him that because of poor economic conditions, Gamers might close Carlson's at the end of its lease period in 1987. At that time, Carlson's personnel also suffered a wage reduction. Prior to this, Coombs had written a memo

detailing the poor economic conditions facing the Carlson's store. Also, after August of 1986, Coombs and other Gamers' employees shared their concerns about the company's general economic viability. At that time appellant was aware specifically that the future of both the Carlson's store and his position were uncertain. Loren Miles did tell Coombs that Gamers would do what it could to find him a position. However, Gamers did not guarantee, either verbally or in writing, that Coombs would still have a position with Gamers if the Carlson's store closed.

In mid-April of 1987, Miles informed Coombs that Gamers had decided to close Carlson's at the end of summer. Coombs' position, along with the two other Carlson's employees, both senior to Coombs in date of hire, would be eliminated. Management would assume Coombs' buying duties. Gamers gave Coombs the opportunity to continue working part-time as a salesperson until the store actually closed. Coombs declined the offer. The store did close and none of the Carlson's employees were retained as Gamers' employees. No one was hired to replace Coombs as a buyer. Coombs does not contend that Gamers terminated him for cause. He does contend that Gamers should have found a place for him even though he testified that Gamers did not guarantee him a job. Gamers' management testified that Coombs was a loyal and satisfactory employee.

Relying on facts from appellant's deposition, the District Court concluded that respondent was entitled to summary judgment. Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The movant has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that entitle the movant to a judgment as a matter

3

of law, and all reasonable inferences that may be drawn from the offer of proof are to be drawn in favor of the opposing party. Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509. If the moving party makes the necessary showing, the burden of proof shifts to the party opposing the summary judgment motion to present evidence of a material and substantial nature raising a genuine issue of fact. Mayer Bros. v. Daniel Richard Jewelers, Inc. (1986), 223 Mont. 398, 726 P.2d 815.

Appellant argues that the District Court erred because it overlooked issues of material fact raised by the record. Basically, Coombs urges this Court to recognize that two fact questions exist regarding his claim of breach of the implied covenant of good faith and fair dealing. Appellant contends that the record reveals a factual issue on whether Gamers' reason for eliminating Coombs' position was a pretext. Further, Coombs claims that a conflict exists on whether Gamers' actions breached the implied covenant of good faith and fair dealing because those actions led Coombs to reasonably believe that Gamers would find a job for him. We disagree.

Even if the implied covenant of good faith and fair dealing governs the employment relationship, an employer may still terminate an employee as long as the employer gives a fair and honest reason. Hobbs v. Pacific Hide and Fur Depot (Mont. 1989), 771 P.2d 125, 130, 46 St.Rep. 544, 550. The implied covenant of good faith and fair dealing does not prevent an employer from making legitimate reductions in workforce necessary to maintain business viability. Flanigan v. Prudential Savings and Loan (1986), 221 Mont. 419, 426, 720 P.2d 257, 261. Further, an employer "is entitled to be motivated by and serve its own legitimate business interest

4

and must be given discretion in determining who it will employ and retain in employment." Hobbs, 771 P.2d at 130.

In the instant case, it is undisputed that Gamers had for some period of time experienced financial difficulties that necessitated closing several stores including the Great Falls Carlson's store. Although appellant argues that respondent should have made a more particularized proof regarding economic necessity, facts and figures certainly are not required when all parties admit that the business was in trouble and the business actually closed. Coombs knew of the economic difficulties of Gamers in general and of the Great Falls Carlson's store in particular. For some time prior to his termination, he knew that the Carlson's store might close and that his job was in jeopardy. None of the Carlson's store employees from Great Falls were given other positions in the company.

Although Gamers did tell Coombs that it would try to find a place for him, Coombs testified that these assurances were not promises and did not guarantee him continuing employment with Gamers. Coombs also concedes that he had no right to continued employment based on seniority. As well, Coombs testified that Gamers did not terminate him for cause. In short, the record establishes that Gamers discharged Coombs for legitimate economic reasons. Therefore, Gamers did not violate the covenant of good faith and fair dealing implied in its employment relationship with Coombs.

As appellant points out, the record does disclose some conflict between his deposition testimony and that of Loren Miles regarding Coombs seeking manager positions in other Gamers stores. However, given the equivocal nature of Coombs' testimony on his efforts to transfer out of Great Falls, this conflict does not appear genuine. Even if the conflict raised a genuine issue of fact, the issue is not

5

material to the substantive law in this case. Gamers admittedly did not have any obligation to find Coombs another position within the company, by either express personnel policy or any verbal or written promises of management.

Further, this Court recognizes that employers must have discretion in making personnel decisions. Hobbs, 771 P.2d at 130. Thus, absent any evidence of dishonesty or pretext, even if Coombs had been passed over for manager positions, Gamers' actions would be appropriate given an employer's discretion to make personnel decisions it feels are in its best interests. No evidence of pretext exists in the record. Therefore, any issue that does exist on whether Coombs actively sought transfers is not a material issue and thus does not preclude summary judgment.

Appellant also argues that Gamers constructively discharged him. The record does not support this theory.

We affirm the District Court.

John Conway Harrison
Justice

We concur:

R. A. Turnage
Chief Justice

John C. Sheehy

Justices