No. 91-336

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

OAR LOCK LAND & CATTLE CO., a/k/a
OAR LOCK LAND & CATTLE COMPANY;
JIMMIE LUE EDDLEMAN; and WARREN
DAN EDDLEMAN,

                    Plaintiffs and Appellants,

     -vs-

CROWLEY, HAUGHEY, HANSON, TOOLE & DIETRICH,
a partnership; JOHN M. DIETRICH;
ARTHUR F. LAMEY, JR.; ALLAN L. KARELL;
AND HALL & HALL, INC., a corporation,

                    Defendants and Respondents.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Robert W. Holmstrom, Judge presiding.


COUNSEL OF RECORD:

     For Appellants:

          Eldon Silverman; Elrod, Katz, Preeo, Look, Moison &
          Silverman, Denver, Colorado
          Randy S. Laedeke; Laedeke Law Office, Billings,
          Montana

     For Respondents:

          Stephen H. Foster, Jeanne M. Bender; Holland &
          Hart, Billings, Montana

Submitted on Briefs:   April 15, 1992

Decided:   May 28, 1992

FILED

MAY 2 8 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, Montana, which granted respondents' motion for summary judgment in an attorney malpractice claim. We affirm.

This action arose from a series of loan transactions which initially began sometime in 1965. At that time, John Dietrich (Dietrich) and Art Lamey (Lamey) of the Crowley, Haughey, Hanson, Toole & Dietrich Law Firm (Crowley) represented both the appellants and the Connecticut Mutual Life Insurance Corporation (CML) in a real estate/loan transaction in which the appellants acquired ranch land. In 1967, Crowley again aided the appellants and CML in another loan transaction. From 1967 through 1972 Crowley represented the appellants in numerous ranch related matters.

In 1974, the appellants requested that Dietrich draft their wills. Dietrich declined due to his workload and appellants then hired Gene LaLonde (LaLonde), a non-Crowley lawyer, to handle their wills. LaLonde also represented the appellants in 1975 to incorporate the Oar Lock Land & Cattle Company.

In 1978 the appellants formed a partnership with Sumner Gerard (Gerard) known as the Paradise Land and Livestock Company; the purpose of the partnership was to purchase a ranch in Nevada. During this transaction Gerard was represented by Crowley and appellants were again represented by LaLonde. Also in 1978, appellants obtained another loan from CML and there is disagreement about who represented the parties. The appellants claim that

2

Crowley and another non-Crowley lawyer jointly represented the parties. Crowley contends that it represented CML and LaLonde represented the appellants.

In the early to mid 1980s, the appellants began to experience financial difficulties and the Crowley firm represented the Paradise Land and Livestock Company in the sale of the Nevada ranch. In 1984, Dietrich reviewed an agreement for M.E. Eddleman, one of the appellants, regarding a trust/financing arrangement with an individual in North Dakota. Dietrich advised Mr. Eddleman to find out more about the individual before considering the transaction and referred Mr. Eddleman to a New York branch office of a Swiss bank. Dietrich never heard about the matter again. In 1985-86, the appellants hired the firm of Anderson, Brown to represent them in a bank loan default initiated by Norwest bank.

In 1986, Anderson, Brown represented the appellants in negotiations with CML regarding delinquent payments on the 1978 loan. In 1988, the appellants defaulted in their payments to CML on the 1978 loan and the Crowley firm, while representing CML, foreclosed upon appellants. The District Court entered default judgment against the appellants on September 28, 1988, after which a foreclosure sale took place.

On November 29, 1989, with counsel of record Chris J. Nelson (Nelson), the appellants moved, but later withdrew their motion, to set aside the judgment with respect to a grazing lease. On February 7, 1990, Nelson filed two motions: first, a Rule 60(b) motion to set aside the default judgment and decree of foreclosure;

3

and second, a motion to disqualify the Crowley firm from representing CML. The primary claim asserted in the motions was that Crowley acted adversely to its former clients (the appellants) when it represented CML in the foreclosure proceeding. The motions were deemed denied pursuant to Rules 60(c) and 59(g), M.R.Civ.P. Further, the parties also stipulated to dismissal of the motions without prejudice on April 17, 1990.

On May 25, 1990, the appellants filed a complaint alleging various causes of action including that Crowley committed malpractice by acting adversely to the appellants by refusing to resign as attorneys for CML. Crowley moved for summary judgment. After a November 2, 1990 hearing, the District Court found no genuine issues of material fact and granted Crowley's motion for summary judgment. Appellants now appeal to this Court.

The dispositive issue on appeal is whether the District Court erred in granting the respondent's motion for summary judgment in an attorney malpractice claim.

Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; also see Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510. The moving party has the initial burden of proof to show that no genuine issues of material fact exist. Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 521, 731 P.2d 327, 330. Once the moving party meets the burden, it is up to the non-moving party to establish that genuine issues of material fact exist.

4

Simmons v. Jenkins (1988), 230 Mont. 429, 432, 750 P.2d 1067, 1069. Therefore, we confine our review in the case at bar to a determination of whether genuine issues of material fact exist that would require reversing the District Court.

In addressing the malpractice claim, we first state the requisite elements for attorney malpractice:

> In a malpractice action, the plaintiff must prove that an attorney-client relationship existed and that the act constituting negligence or breach occurred. The plaintiff must show that "but for" such negligence the client would have been successful in the prosecution or defense of the action. Lorash v. Epstein (1989), 236 Mont. 21, 24, 767 P.2d 1335, 1337. Finally, the plaintiff must establish that the negligent act proximately caused his damages. Thelen v. City of Billings (1989), 238 Mont. 82, 85-6, 776 P.2d 520, 523-24.

Grenz v. Prezeau (1990), 244 Mont. 419, 426, 798 P.2d 112, 116.

This case can be decided on the basis of the first element, the existence of an attorney-client relationship. The appellants assert that an attorney-client relationship existed from 1965 until the time of the 1988 foreclosure proceeding, when the Crowley firm committed legal malpractice by representing CML in the foreclosure action against them. We disagree. The record indicates that Crowley did represent the appellants in various matters over the years, but had not represented them in any matter since 1984.

The appellants claim that the interactions they had with Crowley throughout the foreclosure proceedings in 1988 prove it was still acting as counsel for the appellants. To support this claim, among other things, appellants assert that several documents generated during the 1978 loan prove that Crowley was representing

5

them. These documents included a memo created internally by Crowley entitled "new matter memo" which listed the appellants' names under "additional names to be indexed: for client" and, a letter from Crowley to CML stating that "Mr. Eddleman is anxious for an early closing." The District Court did not find this evidence persuasive in establishing that an attorney-client relationship existed between Crowley and the appellants subsequent to 1984, and neither do we.

The new matter memo clearly lists the name of Connecticut Mutual Life Insurance under the heading of "Client." Further, the letter referencing Eddleman's desire for an early closing does not prove or even suggest that Crowley was representing the appellants.

In total, the documents and other information asserted by the appellants do not amount to an attorney-client relationship. The attorney-client relationship between Crowley and the appellants was terminated prior to the foreclosure proceeding.

> The general rule is that an attorney cannot be an attorney for both adverse parties. . . Nor does it affect the situation that there has been a termination of the relationship as to one adverse party. . . The obvious reason for the latter is that an attorney cannot use the information gained in confidence against the person confiding in him. However, this rule does not bar the attorney, when the relationship has terminated, from representing a client adverse to his former client if the matter in controversy is different or even though the controversy arises out of facts with which the attorney might have been familiar. Before appellant can complain of the participation of [the attorney] in the trial, he must show that the disclosures made in the former employment were used prejudicially against appellant. [Citations omitted.]

Butler Brothers Dev. Co. v. Butler (1941), 111 Mont. 329, 351, 108 P.2d 1041, 1052, over'ld in part on other grounds, 213 Mont. 6, 13,

6

689 P.2d 268, 272 (1984). After reviewing the record, we find that under Butler, Crowley was not barred from representing CML in the foreclosure proceeding, and did not commit malpractice in doing so.

Finding that no attorney-client relationship existed between the appellants and Crowley at the time of the foreclosure, we find it unnecessary to address the other two requisite attorney malpractice elements. The appellants' claims are insufficient to withstand summary judgment since they failed to raise genuine issues of material fact regarding attorney malpractice. The District Court did not err in granting summary judgment to Crowley. Affirmed.

John Conway Harrison
Justice

We concur:

J. A. Turnage
Chief Justice

Karla M. Gray

William E. Hunt

Wm. Trieweiler
Justices

7

May 28, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Eldon Silverman, Esq.
ELROD, KATZ, PREEO, LOOK, MOISON & SILVERMAN, P.C.
1120 Lincoln St. Suite 1100
Denver, CO  80203

JAMES RICHARD McCARTY
Attorney at Law
536 South Center Street
Casper, WY  82601

Randy S. Laedeke
LAEDEKE LAW OFFICE
P.O. Box 2216
Billings, MT  59103

STEPHEN H. FOSTER
JEANNE M. BENDER
Holland & Hart
175 North 27th Street, Suite 1400
Billings, MT 59101

Rodney T. Hartman
HERNDON, HARTMAN, SWEENEY & HALVERSON, P.C.
P.O. Box 80270
Billings,  MT 59108-0270

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy