JUSTICE McDONOUGH
delivered the Opinion of the Court.
The State of Montana appeals the order of the District Court of the Eighteenth Judicial District, Gallatin County, dismissing the State’s petition for forfeiture and releasing the respondent’s Chevy Van. The District Court found it within its discretionary power to release the van to protect the interests of a lienholder despite entering default against that lienholder. We reverse.
The dispositive issue on appeal is whether the District Court abused its discretion by denying and dismissing the petition for forfeiture.
Brian Soule and his wife Elizabeth Soule were arrested for possession of dangerous drugs and paraphernalia, violations of Title 45, Chapter 9, MCA. The circumstances surrounding their arrest were as follows. Law enforcement authorities in Los Angeles, upon a security check at the airport, discovered a package containing drugs bound for Brian Soule via Gallatin Field. The authorities in Los Angeles notified Gallatin County and a search warrant was obtained. Upon arrival of the package at Gallatin Field, Brian Soule claimed the package, walked to the subject Chevy Van, which was owned by Brian Soule, and drove it across the airport to a parking lot. The officers approached the van, presented the warrant and the subsequent search yielded illegal drugs and paraphernalia. Brian and Elizabeth entered a plea agreement and pled guilty to felony possession of dangerous drugs, misdemeanor possession of dangerous drugs and misdemeanor possession of drug paraphernalia.
The instant case is a civil proceeding filed under § 44-12-102(l)(d), MCA, which provides in part for the forfeiture of “all conveyances, including ... vehicles, ... that are used or intended for use in any manner to facilitate the commission of a violation of Title 45, Chapter 9.” There is no dispute that Brian’s father, Peter Soule, has a security interest in the Chevy Van. Both Peter and Brian were served with copies of the summons and petition. The State presented an affidavit of service on Peter Soule.
*182 Brian Soule filed an answer to the complaint, alleging the forfeiture of the Chevy Van was subject to his father’s secured interest because his father neither had knowledge of, nor consented to Brian’s violation of Title 45, Chapter 9. Peter Soule did not respond on his own behalf and at the hearing, the court entered a default of Peter Soule.
However, the District Court, relying on § 44-12-205(3), MCA, found broad discretionary powers to release the vehicle to protect the interests of Peter Soule. Section 44-12-205(3), MCA, provides:
“In making a disposition of property under this chapter, the court may take any action to protect the rights of innocent persons.”
The District Court found:
“there (was) not a scintilla of evidence that Peter W. Soule was aware of, or had anything to do with Brian and Elizabeth Soule’s possession or use of illegal drugs, or drug paraphernalia.”
As such, the District Court determined Peter Soule to be an innocent person within the meaning of § 44-12-205(3), MCA, and the court acted to protect his interest.
The standard of review for discretionary trial court rulings is whether the trial court abused its discretion. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601. Section 44-12-205(3), MCA, makes clear that the legislature was sensitive to the rights of innocent persons and granted broad discretion to the courts to protect those rights. However, the legislature has also provided specific provisions regarding the protection of the rights of claimants with a security interest in seized property. See §§ 44-12-204, and 205(2), MCA. Section 44-12-203, MCA, states:
“There is a rebuttable presumption of forfeiture as to all property listed in 44-12-102 ...” (Emphasis supplied.)
The Chevy Van is clearly within the scope of property listed in § 44-12-102, MCA. Section 44-12-204, MCA, provides:
“In order to rebut the presumption of forfeiture:
“(3)a claimant of a security interest in the property who has a verified answer on file must prove that his security interest is bona fide and that it was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser and without knowledge that the property was being or was to be used for the purpose charged ....” (Emphasis supplied.)
Here, Peter Soule failed to file an answer, failed to appear and offered no proof of anything whatsoever.
Section 44-12-205(2)(a), MCA, provides the following:
*183 “If proper proof of his claim is presented at the hearing by the holder of a security interest, the court shall order the property released to the holder of the security interest...”
Brian Soule, not his father, claimed the lien, in his answer, as an affirmative defense to the forfeiture. Brian has no standing nor did he present any evidence to support his father’s claim.
“The judicial function in construing and applying statutes is to effect the intention of the legislature. In determining legislative intent, the court looks first to the plain meaning of the words used in the statute.” State ex rel. Roberts v. Public Service Commission (1990), 242 Mont. 242, 790 P.2d 489. The language of the forfeiture statutes cited above is clear.
Apparently, the court was apprehensive about placing an affirmative duty on Peter Soule to prove that he was an ‘innocent person’ entitled to return of the Chevy Van. The legislature had no such apprehension. The presumption is for forfeiture and the burden rests on the secured interest holder to rebut that presumption. Sections 44-12-203 to -204, MCA. It has long been held under Montana statutes that a presumption remains until rebutted by preponderance of contrary evidence and disappears only when the party to whom it is opposed produces sufficient evidence to preponderate against it. N.Y. Life Insurance Company v. Gamer, (9th Cir. 1939), 106 F.2d 375.
Peter Soule received proper notice and failed to assert his rights and therefore default was properly entered. Peter Soule failed to rebut the presumption as required by § 44-12-102, MCA.
We conclude that the District Court abused its discretion by acting in a manner inconsistent with the statutes on forfeiture. The order of the District Court is reversed.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON and WEBER concur.