No. 94-275

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

DANIEL L. MAGONE, SHERIFF OF
MISSOULA COUNTY, STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

THOMAS AUL,

      Defendant and Appellant.

FILED

DEC 29 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Terry G. Sehestedt, Missoula, Montana

      For Respondent:

         Hon. Joseph P. Mazurek, Attorney General; Jennifer
         Anders, Assistant Attorney General, Helena, Montana

         Karen Townsend, Deputy County Attorney, Missoula,
         Montana

Submitted on Briefs:  October 13, 1994

Decided:  December 29, 1994

Filed:

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Petitioners instituted a forfeiture action against Ellen Aul in the Fourth Judicial District Court, Missoula County. The Missoula County Sheriff's Department seized $3000 in cash from Ellen while she was being booked for purchasing marijuana from an informant. Ellen committed suicide eight months later. Thomas Aul appears as Ellen's successor in interest. Thomas appeals the District Court's denial of his motion for summary judgment. We reverse.

The issue on appeal is whether the District Court properly denied Thomas's motion for summary judgment.

In May 1990, Thomas and Ellen Aul were charged in Missoula County with possession of marijuana with the intent to sell. On November 2, 1990, while on bail and awaiting trial on the May 1990 charges, Ellen purchased one-quarter ounce of marijuana from an undercover police informant. Detectives of the Missoula County Sheriff's Department monitored the transaction between Ellen and the informant and arrested Ellen. At the jail, officers discovered $3000 in cash in Ellen's possession. The officers seized the cash, and the instant forfeiture proceedings were initiated.

On December 18, 1990, Ellen filed a verified response to the petition for forfeiture, denying all of the allegations of the petition and affirmatively alleging that the money seized was not used for the purposes alleged by the Sheriff's Department.

In May 1991, a jury found Thomas and Ellen guilty of the May 1990 charges. Before sentencing, Thomas and Ellen fled Missoula

2

and subsequently were arrested in Missouri. Ellen committed suicide in jail in Missouri. Thomas was brought back to Montana.

On January 31, 1992, Ellen's attorney moved for summary judgment against the petitioners. The District Court denied the motion, ruling that genuine issues of material fact existed concerning the source and intended use of the $3000 seized and concerning which underlying drug transaction--the May 1990 transaction or the November 1991 transaction--gave rise to the forfeiture action.

On April 28, 1992, Thomas moved for substitution of party in the forfeiture action, stating that he was Ellen's surviving spouse and sole heir and that he was entitled to payment or delivery of her property and estate. On June 19, 1992, the parties stipulated to the substitution.

On July 9, 1992, Thomas moved for summary judgment. Thomas and his parents, David and Margaret Aul, each submitted sworn affidavits stating that, in October 1990, David and Margaret had given Thomas and Ellen $3300 in cash as an anniversary gift. David and Margaret attached a copy of a bank receipt showing that they withdrew $3300 from their account on October 2, 1990. Thomas stated that the $3000 seized from Ellen was the gift money. David and Margaret stated that they had intended the money to be used to purchase a trailer, and Thomas stated that he and Ellen intended at all times to use the money for that purpose. The State responded by questioning the veracity of the affidavits and arguing that the true source of the cash was Thomas and Margaret's extensive drug-

3

related activities.  The District Court denied Thomas's motion for summary judgment, and Thomas appeals.

Did the District Court properly deny summary judgment?

Our standard in reviewing a grant or denial of summary judgment is the same as that initially utilized by the district court.  Cooper v. Sisters of Charity (Mont. 1994), 875 P.2d 352, 353, 51 St. Rep. 484, 485.  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), M.R.Civ.P.  On a summary judgment motion, the movant bears the initial burden of proof; if the movant meets that burden of proof, the burden then shifts to the non-moving party.  Koepplin v. Zortman Mining (Mont. 1994), 881 P.2d 1306, 1309, 51 St. Rep. 880, 882.  Once the burden has shifted from the movant, the non-moving party must come forward with "substantial evidence" raising a genuine issue of fact.  Thornton v. Songstad (1994), 263 Mont. 390, 397-98, 868 P.2d 633, 637.  "When raising the allegations that disputed issues of fact exist, the non-moving party has an affirmative duty to respond by affidavits or other sworn testimony containing material facts that raise genuine issues; conclusory or speculative statements will not suffice."  Koepplin, 881 P.2d at 1309.  The non-moving party "must set forth specific facts and cannot simply rely upon their pleadings . . ."  Thornton, 868 P.2d at 638.

Drug forfeiture actions are civil proceedings to which the rules of civil procedure, including Rule 56, M.R.Civ.P., apply.  See State v. Baker (1983), 205 Mont. 244, 252, 667 P.2d 416, 420.

Title 44, chapter 12, MCA, provides for the forfeiture of property used or intended to be used in relation to the possession, transfer, transportation, or concealment of dangerous drugs. Criticalto this case is the construction of §§ 44-12-203 and -204, MCA. Section 44-12-203 (1), MCA, provides that " [t]here is a rebuttable presumption of forfeiture as to all property" seized under chapter 12 of Title 44. To rebut the presumption, § 44-12-204, MCA, provides in pertinent part that:

> (1) an owner of property who has a verified answer on file must prove that the property was not used for the purpose charged;
> (2) an owner of property listed in 44-12-102(1)(g) who has a verified answer on file **may** prove in the alternative that the use of the property occurred without his knowledge or consent[.]

Thomas argues that, when he submitted the three affidavits showing the **legitimate** source and intended use of the seized cash, he fulfilled the requirements of § 44-12-204, MCA. Having rebutted the presumption, he argues that, to prevent the grant of summary judgment in his favor, the burden then shifted to the petitioners to present evidence sufficient to create a genuine issue of material fact. He asserts that the petitioners failed to produce any evidence which would create such an issue; instead, he asserts that the petitioners **merely** set forth unsworn, speculative, and conclusory allegations. According to Thomas, such allegations are insufficient to create a genuine issue of material fact, and the District Court improperly denied his **motion** for summary judgment. The District Court concluded:

> 7. Neither § 44-12-102 nor any other Montana **statute** addresses the standard of proof, if any, that

must be met by Petitioner in establishing the facts upon which the rebuttable presumption in § 44-12-203(1) is based.

11. At trial, it is the owner's burden to rebut the presumption of forfeiture by proving that the property was not used for the purpose charged. § 44-12-204(1), MCA.

12. Respondent must rebut the presumption of forfeiture by a preponderance of the evidence. Rule 301(b)(2), M.R.Evid.; Matter of the Seizure of a 1988 Chevrolet Van, 251 Mont. 180, 183, 823 P.2d 858, 860 (1991).

13. Respondent has failed to rebut the presumption of forfeiture by [a] preponderance of the evidence.

Petitioners argue that Thomas failed to meet his initial burden, arguing that Rogers v. Swingley (1983), 206 Mont. 306, 309-10, 670 P.2d 1386, 1388, requires that

[t]o satisfy this burden, the movant must make a clear showing as to what the truth is so as to exclude any doubt as to the existence of any genuine issues of material fact.

Petitioners assert that the affidavits submitted by Thomas and his parents "do not conclusively determine the two issues relevant to this forfeiture proceeding: the source of the $3,000 cash or its intended use." Petitioners assert that the affidavits fail to "conclusively link" the anniversary gift money to the money found on Ellen at the time of her arrest. Petitioners cite Cereck v. Albertsons, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 512, for the maxim that "[t]he party opposing the motion for summary judgment is entitled to the benefit of all reasonable inferences that may be drawn from the offered proof." Under Cereck,

6

petitioners claim that the District Court properly concluded that Thomas failed to meet his burden of proof.

The Auls' affidavits, however, are explicit and unequivocal statements regarding the legitimate source and intended purpose of the money seized from Ellen. Although the petitioners questioned the veracity of the affidavits, they failed to provide the District court with any substantial evidence challenging the sworn statements or establishing an alternative source or intended purpose of the money. We conclude that the sworn affidavits of Thomas and his parents constituted sufficient evidence to rebut the presumption of forfeiture.

Petitioners argue that even if Thomas met his initial burden, "the State presented sufficient _evidence_ to confirm that several factual issues remained which required resolution at trial." (Emphasis added.) As we stated in <u>Thornton</u>, 868 P.2d at 638, "[t]he non-moving party must set forth <u>specific facts</u> and cannot simply rely upon their pleadings . ." We conclude that petitioners failed to set forth specific facts to refute the affidavits and relied solely upon the speculative and conclusory allegations contained in their pleadings. Because the petitioners failed to show the existence of a genuine issue of material fact, the District Court improperly denied summary judgment.

Reversed.


William E. Hunt
Justice

7

We concur:

_John Conway Harrison_

_____

_____

_____
Justices